Slip Op. 00 - 56

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| THE UNITED STATES, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **Before: MUSGRAVE**, **JUDGE** |
| | : | |
| JOSEPH ALMANY, d/b/a J.A. IMPORTS, | : | Court No. 96-02-00384 |
| DAVID JORDAN, INC., and | : | |
| FAR WEST INSURANCE COMPANY, | : | |
| | : | |
| Defendants. | : | |

*David W. Ogden*, Acting Assistant Attorney General, *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*A. David Lafer, Franklin E. White, Jr.*), for plaintiff.

*Joseph Almany*, defendant *pro se*.

*David K. Geren*, *Esquire*, for defendant David Jordan, Inc.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Before the Court is Plaintiff's Motion for Entry of Judgment for Civil Penalties which reads as follows:

In an order dated November 3, 1999, this Court granted the United States' motion for clarification of the Court's decision dated June 3, 1998, and held that defendants Joseph Almany d/b/a J.A. Imports and David Jordan, Inc. were liable to the United States for <u>fraudulent</u> violations of 19 U.S.C. § 1592. In that order, the Court ordered the parties to propose scheduling, jointly or separately, for determining the amount of the civil penalty. Plaintiff responds to the Court's order and respectfully requests that the Court enter judgment against defendants Joseph Almany d/b/a J.A. Imports and David Jordan, Inc., and in favor of the United States, in the amount of $258,311.56 with post-judgment interest in the amount established by 28 U.S.C. § 1961(a) and (b)

In the complaint, the United States requested that the Court enter judgment in favor of the United States for $413,138.00 for fraud penalties (or, in the alternative, $4,861,68 for gross negligence penalties, or $2,430.84 for negligence penalties), plus

interest, jointly and severally against defendants Joseph Almany d/b/a J.A. Imports and David Jordan, Inc. In addition, in accordance with 19 U.S.C. § 1592(d), we requested that the Court enter judgment in favor of the United States for $5,016.87, representing the lost customs duties, plus interest, jointly and severally, against all defendants in this case.

In Slip Op. 98-72, dated June 3, 1998, this Court granted the Government's motion for partial summary judgment upon liability and held that the defendants Joseph Almany d/b/a J.A. Imports and David Jordan, Inc., and Far West Insurance Company ("Far West") were jointly and severally liable to the United States for the $5,016.87 in lost duties. In a separate order issued on the same day, this Court: (1) ordered defendant's [*sic*] Joseph Almany and David Jordan, Inc. to pay to the United States $5,016.87 plus interest; (2) ordered the parties to schedule a trial for determining whether . . . Joseph Almany's violations resulted from fraud, gross negligence, or negligence; (3) ordered that Joseph Almany indemnify and exonerate Far West from liability under its bond; and (4) removed Far West as a party from this case. The Court subsequently granted judgment in favor of Far West upon Far West's cross-claims against defendant David Jordan, Inc. for indemnification for all or any portion of the bonded amount paid by Far West to the United States.[]

Defendant's Joseph Almany and David Jordan, Inc. have been determined by this Court to be jointly and severally liable for a fraud penalty as a result of violations of 19 U.S.C. § 1592(a) stated in the complaint. Pursuant to 19 U.S.C. § 1592(c)(1), the maximum penalty for fraudulent violations is a penalty which is the equivalent of the domestic value of the merchandise. As defendants have presented no reasons why the maximum penalty should not be imposed in this case, the Court should exercise its discretion to award the United states the maximum penalty permitted resulting from defendant Joseph Almany's egregious "double invoicing" scheme. As is established in the attached declaration of Walter Sawelenko, Field National Import Specialist for watches and clocks, the domestic value of the merchandise entered by means of the 23 entries at issue in this case has been determined to be $258,311.56. Accordingly, this Court should issue a judgment in favor of the United States against defendants, jointly and severally, ordering defendants Joseph Almany d/b/a J.A. Imports and David Jordan, Inc. to pay to the United States $258,311.56.

Plaintiff's Motion was filed April 17, 2000. As of May 22, 2000, neither defendant had responded. *See* CIT Rules 6(c) and 7(d). Defendants are hereby ordered to show cause why judgment should not be granted in favor of The United States of America by June 23, 2000.

SO ORDERED.

Dated:  May 23, 2000
      New York, New York                                     R. KENTON MUSGRAVE, JUDGE